IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MELINDA GENTRY WILKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13-CV-354 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

Plaintiff Melinda Gentry Wilkins brought this action to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for Disability Insurance benefits. The parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

## **I. PROCEDURAL HISTORY**

Ms. Wilkins filed her application for Disability Insurance Benefits on October 21, 2010, alleging a disability onset date of February 1, 2002. (Tr. at 22, 136-39.)[1] After it was denied, (Tr. at 57-75), Ms. Wilkins requested a hearing de novo before an Administrative Law Judge ("ALJ") (Tr. at 22, 98-103). After this hearing, the ALJ found that Ms. Wilkins was not disabled within the meaning of the Act. (Tr. at 22-30.) Ms.

---

[1] Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer [Doc. 6].

Wilkins appealed this ruling, and, on February 21, 2013, the Appeals Council denied Ms. Wilkins' request for review of the decision, thereby making the ALJ's conclusion the Commissioner's final decision for purposes of judicial review. (Tr. at 1-4.)

## II. LEGAL STANDARD

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). "[T]he scope of [the court's] review of [such an administrative] decision . . . is extremely limited." *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). "[A] reviewing court must uphold the factual findings of the ALJ [underlying the denial of benefits] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal brackets omitted). The issue before this Court "is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

## III. THE ALJ'S DECISION

The ALJ used the well-established five-step process to evaluate Ms. Wilkins' disability claim. *See Hancock*, 667 F.3d at 472. The ALJ found at step one that Ms. Wilkins had not engaged in "substantial gainful activity" from her alleged onset date through her date last insured. At step two, the ALJ further determined that Ms. Wilkins suffered from the following severe impairments: degenerative disc disease, hypertension, osteoarthritis, and obesity. (Tr. at 24.) The ALJ found at step three that none of these

impairments met or equaled a disability listing. Accordingly, the ALJ assessed Ms. Wilkins' RFC and determined that she could perform medium work with additional postural limitations. (Tr. at 25.) At step four, the ALJ found that Ms. Wilkins could return to her past relevant work as a sewing machine operator. (Tr. at 29.) Alternatively, the ALJ found at step five that Ms. Wilkins could perform other jobs that exist in significant numbers in the national economy and therefore was not disabled. (Tr. at 30.)

## IV.  CONTENTION

Ms. Wilkins contends that the ALJ erred in two ways. First, she claims that the ALJ erred in failing to recontact Dr. Thomas Long, Jr., who, several years before Ms. Wilkins' alleged onset date, indicated on a form to her employer that she was permanently limited to lifting no more than 20 pounds. Second, Ms. Wilkins makes several related contentions directed towards how the ALJ evaluated her credibility.

## V.  DISCUSSION

### A.  Treating Physician Opinion

Ms. Wilkins first challenges the ALJ's treatment of a one-page form dated June 9, 1999 and signed by Ms. Wilkins' treating physician, Dr. Long. The form indicates Ms. Wilkins' work restrictions at that time, including permanent unspecified limitations in standing, bending, twisting, pushing, and pulling, and no lifting of over 20 pounds. Dr. Long listed "Ruptured Disc in Back" as the plaintiff's underlying diagnosis. (Tr. at 391.) The ALJ gave this opinion no weight because:

> [t]he opinion expressed is conclusory, providing no explanation of the evidence relied on in forming that opinion. The claimant did not provide any medical evidence of record that was concurrent with the statement, thus

3

> giving it no probative value and the undersigned gives it no weight. The
> restriction of essentially light work due to a ruptured disc in her back was
> not borne out in later x-rays and magnetic resonance imaging scans.

(Tr. at 28.) Ms. Wilkins agrees that Dr. Long's opinion was conclusory and inadequate and contends that this failing created an affirmative duty on the part of the ALJ to re-contact Dr. Long.

A hearing officer "has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986); *see also Kersey v. Astrue*, 614 F. Supp. 2d 679, 693-94 (W.D. Va. 2009) ("The regulations require only that the medical evidence be 'complete' enough to make a determination regarding the nature and severity of the claimed disability, the duration of the disability and the claimant's residual functional capacity." (citing 20 C.F.R. §§ 404.1513(e), 416.913(e)); *France v. Apfel*, 87 F. Supp. 2d 484, 490 (D. Md. 2000) ("[T]he ALJ does not otherwise have an obligation to obtain additional information if the record is adequate to make a determination regarding a disability claim."). "[T]hat does not mean that 'a remand is warranted any time the claimant alleges that the ALJ has neglected to complete the record.'" *Hood v. Astrue*, No. SKG-08-2240, 2009 WL 4944838, at *8 (D. Md. Dec. 14, 2009) (unpublished) (quoting *Brown v. Shalala*, 44 F.3d 931, 935 n.9 (11th Cir. 1995)). Instead,

> [t]he Fourth Circuit has held that a case should be remanded for failure to
> develop the administrative record "[w]here the ALJ fails in his duty to fully
> inquire into the issues necessary for adequate development of the record,
> *and* such failure is prejudicial to the claimant . . ." *Marsh v. Harris*, 632
> F.2d 296, 300 (4th Cir. 1980)(emphasis added). "Prejudice can be

4

> established by showing that additional evidence would have been produced
> . . . and that the additional evidence might have led to a different decision."
> *Ripley v. Chater*, 67 F.3d 552, 557 n. 22 (5th Cir. 1995). If a plaintiff fails
> to show that he/she was prejudiced by the ALJ's failure to develop the
> record, remand is not warranted.

*Zook v. Commissioner of Social Sec.*, No. 2:09cv109, 2010 WL 1039456, at *4 (E.D. Va. Feb. 25, 2010)(unpublished)(brackets and ellipses in original).

In the case of medical evidence, the hearing officer must develop a plaintiff's complete medical history for at least the twelve months preceding the month of that plaintiff's application and must assist the plaintiff in obtaining medical reports from his doctors. 20 C.F.R. § 404.1512(d). Development of the record may include ordering consultative examinations "when evidence as a whole is insufficient to allow us to make a determination or decision on your claim." 20 C.F.R. § 404.1519a(b).

Dr. Long's 1999 opinion preceded both Ms. Wilkins' disability application date, October 21, 2010, and her alleged onset date, February 1, 2002, by far more than the twelve-month period the regulations require an ALJ to develop. Ms. Wilkins continued her treatment relationship with Dr. Long and other primary care providers at Roxboro Medical Associates throughout the time period at issue here, and the record contains seventy-five pages of medical records from this provider. (*See* Tr. at 264-339.) The record also contains the results of a lumbar spine MRI performed on September 9, 2004, (Tr. at 180-81, 188-90, 363-64), and regular examinations to determine if she had neurologic deficits in terms of strength, reflexes, or sensation upon exam during the time period at issue. (*See* Tr. at 185-86, 193, 220-221, 228, 230, 231, 235, 248, 250, 253.) Under these circumstances, the record was not incomplete. *See Skarbek v. Barnhart,* 390

5

F.3d 500, 504 (7th Cir. 2004) ("An ALJ need recontact medical sources only when the evidence received is inadequate to determine whether the claimant is disabled.").

B. Credibility

Ms. Wilkins challenges the ALJ's finding that her statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely credible. In particular, Ms. Wilkins contends that the ALJ failed to correctly apply the credibility standards set forth in *Craig v. Chater* and 20 C.F.R. § 404.1529.

*Craig* provides a two-part test for evaluating a claimant's statements about symptoms. "First, there must be objective medical evidence showing 'the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.'" 76 F.3d at 594 (citing 20 C.F.R. §§ 416.929(b) & 404.1529(b)). If the ALJ determines that such an impairment exists, the second part of the test then requires her to consider all available evidence, including the claimant's statements about her pain, in order to determine whether the claimant is disabled. *Id.* at 596. While the ALJ must consider a claimant's statements and other subjective evidence at step two, she need not credit them to the extent they conflict with the objective medical evidence or to the extent that the underlying impairment could not reasonably be expected to cause the symptoms alleged. *Id.* Where the ALJ has considered the relevant factors and has heard the claimant's testimony and observed her demeanor, the ALJ's credibility determination is entitled to deference. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).

6

Ms. Wilkins characterizes certain words in the ALJ's decision as "boilerplate" and cites *Bjornson v. Astrue*, 671 F.3d 640, 644–45 (7th Cir. 2012), for the proposition that use of such language is error. All district courts in North Carolina have rejected Ms. Wilkins' interpretation of *Bjornson*. *Mascio v. Colvin*, No. 2:11-CV-65-FL, 2013 WL 3321577, at *3 (E.D.N.C. July 1, 2013) (unpublished); *see also Knott v. Colvin*, No. 1:13CV332, 2014 WL 2453302, at *7 (M.D.N.C. June 2, 2014) (unpublished); *Medley v. Astrue*, No. 3:12-CV-311-MOC-DCK, 2013 WL 1858559, at *6 (W.D.N.C. Mar. 28, 2013) (unpublished). The Court finds the reasoning of these decisions persuasive.

Ms. Wilkins next argues that if a claimant's pain testimony is supported by substantial evidence, it must be accorded great weight. In the decision, the ALJ thoroughly reviewed and catalogued the reasons she did not credit Ms. Wilkins' complaints of pain, which were certainly not uncontradicted. (Tr. 26-29, 43-44, 46-49). The ALJ's credibility determination is supported by substantial evidence and is entitled to deference; there was no error.

Third, Ms. Wilkins contends the ALJ erred in not individually discussing the factors set forth in 20 C.F.R. § 404.1529 and SSR 96-7p when evaluating her credibility. She cites no case which requires the ALJ to go through each factor point by point. The ALJ expressly stated that she had reviewed the evidence in light of these regulations. (Tr. at 26.) The ALJ also thoroughly discussed the medical evidence and explained her reasoning. (Tr. 25-29.) This is sufficient.

As a final matter, Ms. Wilkins challenges the ALJ's finding that Ms. Wilkins' "testimony of a herniated disc is not supported in her treatment records." (Tr. at 29.)

7

One physician, Steven Winters, did refer to her back injury as a "disc herniation" (Tr. at 188, 190) as opposed to the disc "bulge" noted by other providers. (Tr. at 180, 363.) This appears to be semantics, as the radiology report itself characterized the problem as a "bulge." (Tr. 180.) In records clearly considered by the ALJ, Ms. Wilkins' orthopedist found that, although she may have some mild nerve root compromise, her lack of neurologic deficits upon EMG testing and exam indicate that her low back pain is not related to such a compromise. (Tr. at 26-28, 363-66.) Her treatment for back pain thereafter doesn't even mention bulging discs, much less herniated discs. (Tr. at 366-386.) Therefore, any error on this point was harmless.

IT IS THEREFORE **ORDERED** that the Commissioner's decision finding no disability be **AFFIRMED**, that the plaintiff's Motion for Judgment on the Pleadings [Doc. 9] be **DENIED**, that the defendant's Motion for Judgment on the Pleadings [Doc. 14] be **GRANTED**, and that this action be **DISMISSED** with prejudice.

This the 14th day of October, 2014.

_____
UNITED STATES DISTRICT JUDGE